UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD ORBAN and JANET ORBAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:01-cv-1013-DFH-TAB |
| ) | |
| CITY OF WARSAW, STATE OF INDIANA, ) | |
| R. PAUL SCHMITT, RICK M. ALBRECHT, ) | |
| DAVID A. MELCHING, and D.A. ) | |
| MELCHING & ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON MOTION TO ENTER JUDGMENT

Last year, while these parties were still briefing the appeal from the verdicts rendered in the state trial court, this court addressed some of the complex issues that resulted from this court's partial remand order in 2001 to accommodate the State defendants' assertion of their Eleventh Amendment immunity. See *Orban v. City of Warsaw*, 2007 WL 1686962 (S.D. Ind. June 8, 2007). The court acted at that time, while the state appeal was still pending, in the hope that its action might be of some assistance to the state courts. At the same time, the court cautioned that if the state judgment were later vacated or modified, it would lose its preclusive effect. *Id.* at *6. That has now happened.

The Indiana Court of Appeals decided the appeal without consideration of this court's entry of June 8, 2007.  (Defendants Paul Schmitt and the City of Warsaw had moved the Indiana Court of Appeals to strike this court's entry from the record, and the court granted that motion.)  The result of that appeal was to declare void or to reverse every aspect of the state trial court's judgment in favor of plaintiffs Richard and Janet Orban that was presented on appeal.  See *City of Warsaw v. Orban*, 884 N.E.2d 262 (Ind. App. 2007).  The Indiana Supreme Court has denied transfer, 891 N.E.2d 47 (Ind. 2008) (table), so the decision of the Indiana Court of Appeals is final.

After losing every aspect of the state appeal, the Orbans have now moved this court to enter a judgment of more than two million dollars in their favor based on the verdicts of the state court jury.  The court denies the motion.

The complex factual and procedural history of this dispute is set forth in this court's entry of June 8, 2007 and Judge Bailey's opinion for the Indiana Court of Appeals.  The court will not repeat it here, particularly since this case seems to present, as the court observed last year, a case of "last impression."  Suffice it to say for now that the Orbans entered into a business venture, a carpet store, with David Melching.  The venture did not go well, and the owners did not trust each other at all.  The Orbans contend that they are the victims of a series of wrongs committed by Melching, acting in concert with Paul Schmitt, a police

detective for the City of Warsaw, and Rick Albrecht, a criminal investigator for the Indiana Department of Revenue.

The Orbans filed an action in state court against Melching, Melching's business, Schmitt, the City of Warsaw, Albrecht, the Indiana Department of Revenue, and the State of Indiana. Schmitt and the City of Warsaw removed the case to this court based on federal question jurisdiction, but the state defendants moved to remand to state court based on their Eleventh Amendment immunity. This court remanded the case in part and stayed proceedings in this court on the remaining federal claims. The parties proceeded to trial in the state court, producing plaintiffs' verdicts and a judgment against Albrecht for $1,575,000, as well as a verdict finding that Albrecht and Schmitt had conspired to violate the Orbans' constitutional rights. Schmitt and the City of Warsaw appealed the trial court's judgments against Schmitt on several grounds. Relevant to this entry, the Indiana Court of Appeals voided the judgment that Schmitt conspired with Albrecht to violate the Orbans' constitutional rights, and the court declared that the jury's conspiracy verdict was merely advisory. *City of Warsaw v. Orban*, 884 N.E.2d at 269.

The Orbans argue that the doctrine of issue preclusion bars defendants Schmitt and the City of Warsaw from contesting their liability for conspiring with Albrecht to deprive the Orbans of their constitutional rights in violation of 42 U.S.C. § 1983. The general rule is that a federal court must give the same

effect to a state court judgment that the state courts would give it. 28 U.S.C. § 1738 (federal courts and courts of other states shall give state judicial proceedings the same full faith and credit the courts of the issuing state would give them); *Allen v. McCurry*, 449 U.S. 90, 96, 105 (1980) (applying issue preclusion in section 1983 case); *Lolling v. Patterson*, 966 F.2d 230, 235 (7th Cir. 1992) (applying claim preclusion in section 1983 case). The Orbans claim that Schmitt is precluded from litigating his liability in this court for two reasons.

The Orbans first argue that even though the Indiana Court of Appeals voided the Marion Superior Court's conspiracy *judgment* against Schmitt, it left intact the state jury's conspiracy *verdict* against him. However, the Indiana courts would not give the trial court's voided judgment or the jury's verdict against Schmitt any effect at all at this point. See, *e.g.*, *Sims v. Scopelitis*, 797 N.E.2d 348, 351 (Ind. App. 2003) (stating that one collateral estoppel requirement is "a final judgment on the merits in a court of competent jurisdiction"). The Court of Appeals held that the jury's verdict was at most only an advisory verdict that could not be the subject of any state court judgment. To the extent that the trial court had entered judgment on that verdict, the Court of Appeals held that it was void. *City of Warsaw v. Orban*, 884 N.E.2d at 269. The Court of Appeals reached that conclusion without ever addressing Schmitt's argument that the verdict was not supported by sufficient evidence. A void judgment is not entitled to any preclusive effect. *E.g.*, *Int'l Alliance Theatrical Stage Employees v. Sunshine Promotions, Inc.*, 555 N.E.2d 1309, 1315 n.5 (Ind. App. 1990). The state courts

would not give an advisory jury verdict any preclusive effect. Under 28 U.S.C. § 1738 and the rule of *Allen v. McCurry*, this court is persuaded that it may not give that advisory verdict or voided judgment any greater effect, even though Schmitt and the City participated fully in the state court trial. Because Schmitt won the appeal without having the state appellate court address his argument on sufficiency of the evidence, it would now be odd, to say the least, to give that verdict preclusive effect against Schmitt.

The Orbans' second argument is an attempt to take advantage of the state trial court's judgment against Albrecht. Albrecht and the State of Indiana did not appeal that judgment, but settled with the Orbans for a total of $1,687,500.[1] The Orbans argue that the Court of Appeals did not overturn the trial court's judgment that Albrecht conspired with Schmitt when it overturned the judgment that Schmitt conspired with Albrecht. See Pl. Br. 3 (Dkt. No. 30) ("The judgment against Agent Albrecht for conspiring with Officer Schmitt to violate the Plaintiffs' federal constitutional rights was not challenged on appeal, and is now final."). The Orbans argue that the conspiracy judgment against Albrecht can be used against Schmitt because the jury necessarily found that Albrecht had conspired with

---

[1] Under the terms of the settlement, if the Orbans collect any settlement or judgment from the City of Warsaw and/or Schmitt and/or their insurers, the Orbans will: (a) keep the first $300,000 for themselves; (b) pay the State of Indiana 25 percent of any amount over $300,000 but less than $1,050,000; and (c) pay the State of Indiana 100 percent of any amount greater than $1,050,000. Dkt. No. 33, Ex. B at 3.

Schmitt. In making this argument, the Orbans criticize Schmitt for attacking the conspiracy judgment on procedural, rather than substantive, grounds.

Before the state court appeal was decided, this court had said that the Orbans could use the conspiracy judgment to collaterally estop Schmitt. See *Orban v. City of Warsaw*, 2007 WL 1686962, at *12 ("The finding by the Marion Superior Court jury that Schmitt conspired with Albrecht to violate plaintiffs' constitutional rights means that Schmitt is jointly and severally liable for damages resulting from Albrecht's individual wrongdoing also found by the Marion Superior Court. Collateral estoppel precludes re-examining this issue."). This court accepted the Orbans' argument that Indiana law provides that a pending appeal does not affect the preclusive effect of a state court judgment, but the court recognized that a reversal or modification on appeal could cause the state court judgment to lose its preclusive effects. *Id.* at *6, quoting *Starzenski v. City of Elkhart*, 87 F.3d 872, 877-78 (7th Cir. 1996).

In light of the Indiana Court of Appeals' decision, the situation has now changed dramatically. The Indiana Court of Appeals has set aside the foundation for this court's earlier determination. The unappealed verdict ("Verdict 1" in the state court) found that Albrecht violated the Orbans' constitutional rights in the course of a criminal prosecution and that plaintiffs' damages were $1,575,000. By itself, Verdict 1 did not find that Albrecht had conspired with Schmitt. To establish the link between Verdict 1 against Albrecht and any liability of Schmitt,

the Orbans must rely on the jury's Verdict 2 finding a conspiracy between Albrecht and Schmitt.

As explained above, the Indiana courts have now finally and conclusively declared Verdict 2 to have been merely advisory, without considering Schmitt's substantive challenge to that verdict on the merits. That merely advisory verdict is not a sufficient basis for applying offensive issue preclusion to bar Schmitt from contesting liability for violating the Orbans' constitutional rights. There was no judgment on the merits of that issue, as is required under Indiana issue preclusion law. *E.g., Sims*, 797 N.E.2d at 351. The Court of Appeals did not suggest that it intended to leave in place the portion of the Verdict 2 judgment finding that Albrecht conspired with Schmitt while it overturned the portion of the Verdict 2 judgment finding that Schmitt conspired with Albrecht.

Even if the Orbans are correct that the judgment that Albrecht conspired with Schmitt is still a final judgment, it would not be preclusive against Schmitt. It would simply be unfair to bind Schmitt to the trial court's judgment that Albrecht conspired with him because the Court of Appeals reversed the judgment against Schmitt on a procedural ground rather than a substantive one. See generally *In re Commitment of Heald*, 785 N.E.2d 605, 612 (Ind. App. 2003) (even where all other elements of issue preclusion are present, court should still deny offensive preclusive effect if doing so would be "otherwise unfair"). Trial courts have "broad discretion to determine whether the offensive use of collateral

estoppel is appropriate," and this discretion should be exercised when collateral estoppel would be unfair. *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1038 (Ind. 1993). It would be unfair to permit the plaintiffs, by settling with Albrecht and the State of Indiana, to require Schmitt to step into the shoes of Albrecht and challenge the judgment against Albrecht. In addition, collateral estoppel would be particularly unfair to Schmitt because he raised several errors concerning the entire Verdict 2 judgment that the Indiana Court of Appeals chose not to reach.[2]

It would be similarly unfair to bind Schmitt to the jury's finding in Verdict 1 that plaintiffs were entitled to compensatory damages of $1,575,000 and the state trial court's later award of attorney fees of $685,000. Accordingly, plaintiffs' motion to enter judgment in their favor is hereby denied. The court will set a scheduling conference to prepare the remaining claims for resolution.

So ordered.

---

[2]Notwithstanding the non-procedural arguments Schmitt raised before the Court of Appeals, the Orbans argue that Schmitt should have intervened and appealed the conspiracy judgment against Albrecht on the merits. Citing *U-Haul Int'l, Inc. v. Nulls Mach. & Mfg. Shop*, 736 N.E.2d 271 (Ind. App. 2000), the Orbans argue that Schmitt and the City of Warsaw participated in the trial and could have appealed the judgment against Albrecht, even though Albrecht himself was not appealing it after the settlement. *U-Haul* deals with the standing of a defendant to challenge an order concerning a co-defendant. *Id.* at 275. It requires a defendant seeking to challenge an order concerning a co-defendant to demonstrate that it is "in immediate danger of sustaining a direct injury as a result of the conduct at issue." *Id.* In *U-Haul* the defendant seeking to challenge the order suffered such a direct injury only because of a specific statutory scheme that does not apply here. *Id.* at 280.

Date: September 22, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

John H. Lewis
John Lewis and Wilkins LLP
john.lewis@jlaw-firm.com

Robert F. Parker
BURKE COSTANZA & CUPPY LLP
parker@bcclegal.com

Andrew L. Teel
STEELE ULLMSCHNEIDER & MALLOY LLP
teel@sum-law.com

Mark Daniel Ulmschneider
STEELE ULMSCHNEIDER & MALLOY LLP
ulmschneider@sum-law.com

Robert B. Wente
INDIANA OFFICE OF THE ATTORNEY GENERAL
robert.wente@atg.in.gov