UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD ORBAN and JANET ORBAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:01-cv-1013-DFH-TAB |
| ) | |
| CITY OF WARSAW, STATE OF INDIANA, ) | |
| R. PAUL SCHMITT, RICK M. ALBRECHT, ) | |
| DAVID A. MELCHING, and D.A. ) | |
| MELCHING & ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON PENDING MOTIONS

On November 20, 2008, the court met with counsel and scheduled the trial in this matter for April 6, 2009. Defendants indicated at the conference that they intended to file a motion for summary judgment based on the decision of the Indiana Court of Appeals. See *City of Warsaw v. Orban*, 884 N.E.2d 262 (Ind. App. 2007), trans. denied, 891 N.E.2d 47 (Ind. 2008) (table). The court said that any motion should be filed promptly so that the briefing and decision would not interfere with the trial date. Defendants filed their motion on December 9, 2008. Dkt. No. 58. Plaintiffs responded on January 12, 2009 with their opposition to the defendants' motion and their own unexpected motion for summary judgment. See Dkt. No. 62. On January 22, 2009, defendants filed a reply in support of their own motion for summary judgment, and on January 28, 2009, filed a motion to strike the plaintiffs' motion for summary judgment. Dkt. No. 69. Plaintiffs

opposed the motion to strike, defendants filed a reply, and then on February 9, 2009, defendants filed a motion to continue the trial. Dkt. No. 72. On February 13, 2009, defendants filed a brief in opposition to plaintiffs' motion for summary judgment. On February 16, 2009, plaintiffs responded to the motion for continuance indicating that they did not necessarily oppose a continuance of the trial until approximately sixty days after the court rules on the motions for summary judgment. As explained below, all four of the pending motions are denied, including the motion to continue the trial set for April 6th.

The history of this case presents an unusually complex tangle of relations between federal and state law and federal and state courts. The history is summarized in the Indiana Court of Appeals opinion, 884 N.E.2d 262, and in this court's decisions in 2007 and 2008. See *Orban v. City of Warsaw*, 2007 WL1686962 (S.D. Ind. June 8, 2007); *Orban v. City of Warsaw*, 2008 WL 4410373 (S.D. Ind. Sept. 22, 2008). Plaintiffs Richard and Janet Orban filed this action in state court in 2001. They alleged numerous wrongs under both federal and state law stemming from a dispute with their business partner that sparked a criminal investigation and then a prosecution of the plaintiffs that ended with dismissal of all charges against them. Plaintiffs named as defendants the City of Warsaw, Warsaw police detective Paul Schmitt, the State of Indiana, and Indiana Department of Revenue investigator Rick Albrecht, as well as plaintiffs' former business partner David Melching and a business owned by Melching.

Schmitt and the City of Warsaw removed the case to this court based on federal question jurisdiction. The state defendants then invoked their Eleventh Amendment immunity. The court remanded to state court all claims against the state defendants, as well as the closely related state law claims against Detective Schmitt and the City of Warsaw. The court stayed federal proceedings while the case proceeded in state court. Plaintiffs secured default judgments against Melching and his business. The claims against the other defendants in the state court were tried to a jury in 2006, resulting in verdicts in favor of plaintiffs. Detective Schmitt and the City of Warsaw appealed; the State and Albrecht reached a settlement with the plaintiffs. On appeal, the Indiana Court of Appeals held that the state trial court had erred by entering judgment on the federal claim against Schmitt under 42 U.S.C. § 1983, so that the jury verdict on that claim amounted to an advisory verdict issued without jurisdiction. *Orban*, 884 N.E.2d at 269. The Indiana Court of Appeals also held that the plaintiffs had failed to offer sufficient evidence to support a finding that Schmitt had conspired with Albrecht and Melching to convert the plaintiffs' property. *Id.* at 271.

At the court's request, plaintiffs filed a notice clarifying the claims that they intend to try in this court. Plaintiffs advised the court that they intend to try counts I and V of their complaint. Dkt. No. 56. Count I is brought under 42 U.S.C. § 1983 and alleges that Schmitt violated the Orbans' constitutional rights by making false statements to a county prosecutor, causing the arrest of

the Orbans, and manipulating exculpatory evidence. Compl. ¶ 96.[1]  Count V alleges that Schmitt conspired with Albrecht and Melching to commit other wrongs alleged in the complaint. Compl. ¶ 106. Plaintiffs' notice clarifies that they will pursue Count V to the extent that it alleges that Schmitt conspired with Albrecht and Melching to commit the violations alleged in Count I.[2]

Defendants' motion for summary judgment argues that the final result in the state courts bars plaintiffs' federal claims against Schmitt and the City under doctrines of issue preclusion and claim preclusion. A federal court gives a state court judgment the same preclusive effect that the state courts would give it. 28 U.S.C. § 1738; *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

The defendants' motion runs into one insuperable obstacle. The state court proceedings did not result in a final judgment on the merits of the remaining claims against Schmitt and the City. On all claims apart from the conversion conspiracy claim, the Indiana Court of Appeals held that the state trial court had not had jurisdiction to enter the challenged portions of the judgment against Schmitt or the City. Without a final judgment on the merits, neither issue

---

[1] Count I also alleged that "defendants" committed the Indiana tort of malicious prosecution. Compl. ¶ 95. The plaintiffs' notice does not suggest that they intend to advance this part of Count I.

[2] The court interprets the plaintiffs' remaining claims as not including any claim based on conspiracy to commit conversion. If such a claim is raised, it would appear to be precluded by the Indiana Court of Appeals decision.

preclusion nor claim preclusion can apply.  See *Sims v. Scopelitis*, 797 N.E.2d 348, 351 (Ind. App. 2003) (stating that a final judgment on the merits is a requirement for issue preclusion); *Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. App. 2005) (same for claim preclusion).

To avoid this obstacle, defendants rely on the fact that plaintiffs voluntarily dismissed a number of their state law theories against Schmitt and the City before the case was presented to the state court jury.  The state court record shows beyond dispute that the dismissal was without prejudice, and without objection by defendants.  See Dkt. No. 60, Ex. A(16) at 1532-33, 1542.  The plaintiffs took that step to simplify the case that would be presented to the jury, describing the various state law theories as "lesser included offenses" within the scope of the § 1983 claims that were presented to the jury.  This court has tried many jury trials that blend § 1983 and state law torts, and such efforts to simplify the issues that must be presented to the jury are always welcome and should not become traps for the unwary.  Defendants' efforts to transform these dismissals without prejudice into dismissals with prejudice with preclusive effect are merely efforts to re-write the record.  The dismissals without prejudice do not have the preclusive effects that defendants claim.[3]

---

[3]Defendants have built much of their argument on the doctrine of judicial estoppel.  Before the Indiana Court of Appeals ruled, plaintiffs argued here that the judgment of the trial court precluded further litigation by defendants, while defendants argued here that the state court had lacked jurisdiction to enter the judgment against Schmitt and the City under § 1983.  The doctrine of judicial estoppel does not block plaintiffs' arguments at this stage because plaintiffs
(continued...)

Plaintiffs' motion for summary judgment argues that reading the record of the state trial requires a finding as a matter of law that Schmitt violated the plaintiffs' constitutional rights. Defendants have responded with their own review of the state court evidence and their own interpretation of it. Liability could not be found here as a matter of law, given the numerous factual conflicts and the fact that defendants are entitled, on plaintiffs' motion for summary judgment, to the benefit of favorable inferences from the evidence. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). These are matters that need to be resolved by trial.

Defendants moved to strike plaintiffs' motion for summary judgment, arguing that it is repetitive and late. The plaintiffs' motion was certainly unexpected, but the court denies the motion to strike. Defendants have had a fair opportunity to respond to the motion, and the court need not wait for further briefing, which might well delay the trial, before the inevitable denial of the plaintiffs' motion for summary judgment.

---

³(…continued)
ultimately did not prevail on their arguments about the preclusive effects of the state trial. See *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 606 n.2 (7th Cir. 2008) (judicial estoppel does not bar inconsistent arguments if the first argument did not prevail). The defendants prevailed on their argument that the state court lacked jurisdiction to decide the § 1983 claims against Schmitt and the City. If judicial estoppel applies to any point currently at issue, it is to defendants' effort to give preclusive effect to the state court judgment after defendants prevailed in persuading the state courts that the trial court had lacked jurisdiction to decide those § 1983 claims.

The final motion is the defendants' motion to continue the April 6th trial date. The court set that trial date with the agreement of the parties, and with the prospect of at least the defendants' motion for summary judgment. The court sees no reason to delay further. The motion to continue is also denied.

All pending motions are denied. Dkt. Nos. 58, 62, 69, 72. The trial remains set for April 6th on plaintiffs' remaining claims, with a final pretrial conference on March 31, 2009 at 11:00 A.M. The parties shall comply with the current deadlines for final pretrial preparation.

So ordered.

Date: February 23, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-8-

Copies to:

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

John H. Lewis
John Lewis and Wilkins LLP
lewis@lewisandwilkins.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Robert F. Parker
BURKE COSTANZA & CUPPY LLP
parker@bcclegal.com

Andrew L. Teel
STEELE ULMSCHNEIDER & MALLOY LLP
teel@sum-law.com

Mark Daniel Ulmschneider
STEELE ULMSCHNEIDER & MALLOY LLP
ulmschneider@sum-law.com

Robert B. Wente
INDIANA OFFICE OF THE ATTORNEY GENERAL
robert.wente@atg.in.gov